ALIEN'S OWNERSHIP OF LAND An alien may not hold title to fee simple absolute to real property in the State of Oklahoma but may hold the same subject to conditions as expressed in Article XXII, Section 1, of the Oklahoma Constitution and 60 O.S. 121 [60-121] (1971) etc. A corporation or other entity may hold real estate subject to the statutes regulating that particular type of entity but upon the dissolution of such entity an alien individual may not acquire title to said real estate. The Attorney General's office is in receipt of your opinion request wherein you ask the following questions: "1. May an alien hold title in fee simple absolute to real property in Oklahoma? If not, what is the legal status of any title that an alien may hold? "2. Would the legal affect of the above question differ if the alien were a corporation or partnership, or joint venture with a resident individual? If so, in what way?" ArticleXXII, Section 1, of the Oklahoma Constitution prohibits the ownership of land by an alien. Section 1 states: "No alien or person who is not a citizen of the United States, shall acquire title to or own land in this State, and the legislature shall enact laws whereby all persons not citizens of the United States, and their heirs, who may hereafter acquire real estate in this State by devise, descent, or otherwise, shall dispose of same within five years upon condition of escheat or forfeiture to the State: provided, this shall not apply to Indians born within the United States, nor to aliens or persons not citizens of the United States who may become bona fide residents of this State: and provided further, that this section shall not apply to the lands now owned by aliens in this State." Title 60 O.S. 121 [60-121] (1971) et. seq., provides the conditions whereby an alien may or may not hold land and the conditions subject thereto. Section 121 states: "No alien or any person who is not a citizen of the United States shall acquire title to or own land in the State of Oklahoma, except as hereinafter provided, but he shall have and enjoy in the State of Oklahoma such rights as to personal property as are, or shall be accorded the citizen of the United States under the laws of the nation to which such alien belongs, or by the treaties of such nation with the United States, except as the same may be affected by the provisions of this act or the Constitution of this State." Section 60 O.S. 122 [60-122], provides the exceptions where an alien may hold real estate. Section 122 states: "This article shall not apply to lands now owned in this State by aliens so long as they are held by the present owners, nor to any alien who is or shall take up bona fide residence in this State: and any alien who is or shall become a bona fide resident of the State of Oklahoma shall have the right to acquire and hold lands in this State upon the same terms as citizens of the State of Oklahoma during the continuance of such bona fide residence of such alien in this State: provided, that if any such resident alien shall cease to be a bona fide inhabitant of this State, such alien shall have five years from the time he ceased to be a bona fide resident in which to alienate such lands." Further, in the case of Webb v. O'Brien,263 U.S. 313, 1923, the Supreme Court of the United States stated: "In the absence of a treaty to the contrary, the State has the power to deny to aliens the right to own land within its borders." It is, therefore, clear an alien may not hold title to realty in fee simple absolute except as heretofore set forth in the statute as applied to lands obtained by descendants and divines. As to your second question, Article XXII, Section 2 sets forth the provisions relative to a corporation buying and acquiring or dealing in real estate. Section 2 states. "No corporation shall be created or licensed in this State for the purpose of buying, acquiring, trading, or dealing in real estate other than real estate located in incorporated cities and towns and as additions thereto; nor shall any corporation doing business in this State buy, acquire, trade, or deal in real estate for any purpose except such as may be located in such towns and cities and as additions to such towns and cities, and further except such as shall be necessary and proper for carrying on the business for which it was chartered or licensed; nor shall any corporation be created or licensed to do business in this State for the purpose of acting as agent in buying and selling land: provided, however, a corporation shall not be precluded from taking mortgages on real estate to secure loans or debts, or from acquiring title thereto upon foreclosure of such mortgages or in the collection of such debts, conditioned that such corporation or corporations shall not hold real estate for a longer period than seven years after acquiring such title: and provided, further, that this section shall not apply to said companies taking only the naked title to real estate in this State as a trustee, to be held solely as securities for indebtedness pursuant to such trust: and provided, further, that no public service corporation shall hold any land, or the title of, in any way whatever in this State, except as same shall be necessary for the transaction and operation of its business as such public service corporation." It is, therefore, clear that if a corporation is licensed to do business within the State of Oklahoma then such corporation is restricted to ownership of land as above set forth. If the entity acquiring land were other than a corporation there is no prohibition upon that particular entity acquiring land. However, if such entity were to dissolve in the sense of a partnership dissolving then Article XXII, Section 1, of the Constitution would apply in that the individual acquired real estate in this State by devise, descent, or otherwise and such individual shall have to dispose of the real estate within five years or suffer escheat or forfeiture to the State. It is, therefore, the opinion of the Attorney General that your question should be answered as follows: Question 1 should be answered in the negative in that an alien may not hold title to fee simple absolute to real property in the State of Oklahoma but may hold the same subject to conditions as expressed in Article XXII, Section 1, of the Oklahoma Constitution and 60 O.S. 121 [60-121] (1971) etc. As to your second question a corporation or other entity may hold real estate subject to the statutes regulating that particular type of entity but upon the dissolution of such entity an alien individual may not acquire title to said real estate. (Donald B. Nevard) ** SEE: OPINION NO. 79-286 (1979) **